People v J.G. (2024 NY Slip Op 50103(U))

[*1]

People v J.G.

2024 NY Slip Op 50103(U)

Decided on February 1, 2024

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 1, 2024
Youth Part, Erie County

The People of the State of New York,

against
J.G., AO.

Docket No. FYC-73765-23/001

James L. Harrington, Esq., (Assistant District Attorney) 
Giovanni Genovese, Esq., (for AO J.G.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of James L. Harrington, Esq. (Assistant District Attorney), dated January 16, 2024; responsive papers dated January 26, 2024 by Giovanni Genovese, Esq., on behalf of AO J.G.; oral argument and a hearing on the motion having been waived; and due deliberation having been had, the Court finds the following:
Procedural History
AO J.G. is charged under FYC-73765-23 with one count of Attempted Assault in the Second Degree, PL § 120.05, §110 a class E felony; one count of Menacing in the Second Degree, PL § 120.14(1), a class A misdemeanor; and one count of Criminal Possession of a Weapon, PL § 265.01(2), a class A misdemeanor.
On December 22, 2023, AO J.G. appeared for an arraignment in Youth Part and entered a plea of not guilty. The People conceded the six-day reading, and this Court found that the charges did not meet the requirements of CPL § 722.23(2)(c) to remain in Youth Part. The People indicated that they would make a motion under CPL, Art. 722, § 722.23(1) requesting this matter not be removed to Family Court. AO J.G. was released, having voluntarily accepted probation services.
The decision date of the extraordinary circumstances motion was scheduled for February 2, 2024.

Findings of Fact
It is alleged that on November 20, 2023 at approximately 12:20 PM, at Edge Academy in the Town of Cheektowaga, AO J.G. and another youth engaged in mutual hand to hand combat, where AO J.G. was placed in a chokehold, punched multiple times in the back of the head, and punched in the face by this youth. They were subsequently separated, and after approximately fifteen seconds AO J.G. attempted to stab the youth (hereinafter "Victim") in the abdomen with a six-inch folding knife with a three-inch blade. The knife did not contact the Victim, and the Victim was uninjured.
The school resource officer, PO Nazzarett, entered the classroom and observed the Victim immediately after the incident. Additionally, PO Nazzarett observed AO J.G. with a knife in his right hand. PO Nazzarett attempted to recover the knife from this AO, at which point there was commotion, and another student took possession of said knife. The knife was eventually turned over to PO Nazzarett.

Conclusions of Law
Pursuant to CPL § 722.23(1)(a), the Court shall order removal of the action to Family Court unless, within 30 days of arraignment, the District Attorney makes a written motion to prevent removal of the action. 
Pursuant to CPL § 722.23(1)(d), the Court shall deny the district attorney's motion to prevent removal unless the Court determines that extraordinary circumstances exist that should prevent the transfer of the action to Family Court. CPL § 722.23 does not define the term "extraordinary circumstances".
In People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021), the Court referenced the common dictionary and the legislative history of the Raise the Age legislation and interpreted "extraordinary circumstances" to mean that "the People's Motion Opposing Removal must be denied unless they establish the existence of an 'exceptional' set of facts which 'go beyond' that which is 'usual, regular or customary' and which warrant retaining the case in the Youth Part instead of removing it to the Family Court."
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare". NY Assembly Debate on Assembly Bill A03009C, Part WWW, at 39, April 8, 2017; see also, People v S.J., 72 Misc 3d 196 (Fam Ct 2021). "[T]he People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021) citing Assembly Record, p. 39.
The legislators indicated that in assessing "extraordinary circumstances", the Judge should consider the youth's circumstances, including both aggravating factors and mitigating circumstances. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021); Assembly Record, pp. 39 to 40. Aggravating factors make it more likely that the matter should remain in Youth Part, and mitigating circumstances make it more likely that the matter should be removed to Family Court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021).
Aggravating factors include whether the AO: (1) committed a series of crimes over multiple days, (2) acted in an especially cruel and heinous manner, and (3) led, threatened, or coerced other reluctant youth into committing the crimes before the court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record, p. 40.
Mitigating circumstances are meant to include a wide range of individual factors, including economic difficulties, substandard housing, poverty, difficulties learning, educational challenges, lack of insight and susceptibility to peer pressure due to immaturity, absence of positive role models, behavior models, abuse of alcohol or controlled substances by the AO, or by family or peers. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record at 40.
"The People may not, in any way, use the [AO's] juvenile delinquency history, including any past admissions or adjudications, in any application for removal under the statute." People v J.J., 74 Misc 3d 1223(A) [NY Co Ct 2022]; citing Family Court Act § 381.2(1); see also, People v. M.M., 64 Misc 3d at 269, supra, citing Green v. Montgomery, 95 NY2d 693, 697 (2001).
CPL § 722.23(1)(b) mandates that every motion to prevent removal of an action to Family Court "contain allegations of sworn fact based upon personal knowledge of the affiant." This Court considered only those exhibits and documents whose content fall within the mandate of CPL § 722.23(1)(b) in making this decision.
It is alleged that AO J.G. engaged in aggressive contact with the Victim and attempted to stab him with a knife. The People indicate that AO J.G. actions were exceptionally cruel and heinous due to the fifteen seconds that had elapsed between the AO and the Victim being physically separated, and AO J.G.'s attempted assault on the Victim. Additionally, the People state that this AO's actions are cruel and heinous because he attempted to stab another student with a knife, in the presence of approximately twelve other students.
However, it is not alleged that AO J.G. caused physical injury to anyone. He did not commit a separate series of crimes over multiple days. The People have not made any allegations that AO J.G. led or coerced other youths to participate in any crimes. The People state that AO J.G. will not be amenable to the heightened services of Family Court, claiming that he has proven through his actions that he does not follow instructions from authority figures.
In support of mitigating factors, Defense counsel argues that AO J.G. has only been charged with one crime stemming from the incident at hand, which does not qualify as committing "a series of crimes over a series of days." Further, Defense counsel states not only was AO J.G. the victim here, but there are no representations that AO J.G. was the leader of any criminal activity. Finally, Defense counsel states that AO J.G. voluntarily accepted probation services and has remained compliant with the rules and regulations associated therewith, illustrating his willingness and ability to benefit from the heightened services offered by Family Court.
This Court finds that highly unusual and heinous facts have not been proven. Whether or not this can be considered self-defense or retaliation, there is no doubt that AO J.G. was the original victim here.
This is not the rare, "one out of 1,000 cases" that the Legislature envisioned would remain in the Youth Part and not be removed to Family Court. (Assembly, Record of Proceedings, April 8, 2017, pp. 37-38); see People v J.M., 64 Misc 3d 259, 268 [NY Co Ct 2019]. Extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. The aggravating factors do not outweigh the mitigating circumstances. The People did not meet its burden to prevent removal of this action to Family Court. This matter shall be removed.
This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
Dated: February 1, 2024
HON. BRENDA M. FREEDMAN