People v J.G. (2024 NY Slip Op 50103(U))

[*1]

People v J.G.

2024 NY Slip Op 50103(U) [81 Misc 3d 1239(A)]

Decided on February 1, 2024

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 1, 2024
Youth Part, Erie County

The People of
the State of New York,

against
J.G., AO.

Docket No. FYC-73765-23/001

James L. Harrington, Esq., (Assistant District Attorney) 
Giovanni Genovese, Esq., (for AO J.G.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, §
722.23(1), et seq. for an order preventing removal of this action to the juvenile
delinquency part of Erie County Family Court, and upon reading the Notice of Motion
and Supporting Affidavit of James L. Harrington, Esq. (Assistant District Attorney),
dated January 16, 2024; responsive papers dated January 26, 2024 by Giovanni
Genovese, Esq., on behalf of AO J.G.; oral argument and a hearing on the motion having
been waived; and due deliberation having been had, the Court finds the
following:
Procedural History
AO J.G.
is charged under FYC-73765-23 with one count of Attempted Assault in the Second
Degree, PL § 120.05, §110 a class E felony; one count of Menacing in the
Second Degree, PL § 120.14(1), a class A misdemeanor; and one count of Criminal
Possession of a Weapon, PL § 265.01(2), a class A misdemeanor.
On December 22, 2023, AO J.G. appeared for an arraignment in Youth Part and
entered a plea of not guilty. The People conceded the six-day reading, and this Court
found that the charges did not meet the requirements of CPL § 722.23(2)(c) to
remain in Youth Part. The People indicated that they would make a motion under CPL,
Art. 722, § 722.23(1) requesting this matter not be removed to Family Court. AO
J.G. was released, having voluntarily accepted probation services.
The decision date of the extraordinary circumstances motion was scheduled for
February 2, 2024.

Findings of Fact
It is alleged that on November 20, 2023 at approximately 12:20 PM, at Edge
Academy in the Town of Cheektowaga, AO J.G. and another youth engaged in mutual
hand to hand combat, where AO J.G. was placed in a chokehold, punched multiple times
in the back of the head, and punched in the face by this youth. They were subsequently
separated, and after approximately fifteen seconds AO J.G. attempted to stab the youth
(hereinafter "Victim") in the abdomen with a six-inch folding knife with a three-inch
blade. The knife did not contact the Victim, and the Victim was uninjured.
The school resource officer, PO Nazzarett, entered the classroom and observed the
Victim immediately after the incident. Additionally, PO Nazzarett observed AO J.G. with
a knife in his right hand. PO Nazzarett attempted to recover the knife from this AO, at
which point there was commotion, and another student took possession of said knife. The
knife was eventually turned over to PO Nazzarett.

Conclusions of Law
Pursuant to CPL § 722.23(1)(a), the Court shall order removal of the action to
Family Court unless, within 30 days of arraignment, the District Attorney makes a
written motion to prevent removal of the action. 
Pursuant to CPL § 722.23(1)(d), the Court shall deny the district attorney's
motion to prevent removal unless the Court determines that extraordinary circumstances
exist that should prevent the transfer of the action to Family Court. CPL § 722.23
does not define the term "extraordinary circumstances".
In People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021), the Court referenced the
common dictionary and the legislative history of the Raise the Age legislation and
interpreted "extraordinary circumstances" to mean that "the People's Motion Opposing
Removal must be denied unless they establish the existence of an 'exceptional' set of facts
which 'go beyond' that which is 'usual, regular or customary' and which warrant retaining
the case in the Youth Part instead of removing it to the Family Court."
New York State Assembly members debating the Raise the Age legislation indicated
that the extraordinary circumstances requirement was intended to be a "high standard"
for the District Attorney to meet, and denials of transfers to Family Court "should be
extremely rare". NY Assembly Debate on Assembly Bill A03009C, Part WWW, at 39,
April 8, 2017; see also, People v S.J., 72 Misc 3d 196 (Fam Ct 2021). "[T]he People
would satisfy the 'extraordinary circumstances' standard where 'highly unusual and
heinous facts are proven and there is a strong proof that the young person is not
amenable or would not benefit in any way from the heightened services in the family
court'. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021) citing Assembly
Record, p. 39.
The legislators indicated that in assessing "extraordinary circumstances", the Judge
should consider the youth's circumstances, including both aggravating factors and
mitigating circumstances. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021);
Assembly Record, pp. 39 to 40. Aggravating factors make it more likely that the
matter should remain in Youth Part, and mitigating circumstances make it more likely
that the matter should be removed to Family Court. People v S.J., 72 Misc 3d 196 (Fam
Ct 2021).
Aggravating factors include whether the AO: (1) committed a series of crimes over
multiple days, (2) acted in an especially cruel and heinous manner, and (3) led,
threatened, or coerced other reluctant youth into committing the crimes before the court.
People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record, p. 40.
Mitigating circumstances are meant to include a wide range of individual factors,
including economic difficulties, substandard housing, poverty, difficulties learning,
educational challenges, lack of insight and susceptibility to peer pressure due to
immaturity, absence of positive role models, behavior models, abuse of alcohol or
controlled substances by the AO, or by family or peers. People v S.J., 72 Misc 3d 196
(Fam Ct 2021); Assembly Record at 40.
"The People may not, in any way, use the [AO's] juvenile delinquency history,
including any past admissions or adjudications, in any application for removal under the
statute." People v J.J., 74 Misc 3d 1223(A) [NY Co Ct 2022]; citing Family Court Act
§ 381.2(1); see also, People v. M.M., 64 Misc 3d at 269, supra, citing Green v.
Montgomery, 95 NY2d 693, 697 (2001).
CPL § 722.23(1)(b) mandates that every motion to prevent removal of an action
to Family Court "contain allegations of sworn fact based upon personal knowledge of the
affiant." This Court considered only those exhibits and documents whose content fall
within the mandate of CPL § 722.23(1)(b) in making this decision.
It is alleged that AO J.G. engaged in aggressive contact with the Victim and
attempted to stab him with a knife. The People indicate that AO J.G. actions were
exceptionally cruel and heinous due to the fifteen seconds that had elapsed between the
AO and the Victim being physically separated, and AO J.G.'s attempted assault on the
Victim. Additionally, the People state that this AO's actions are cruel and heinous
because he attempted to stab another student with a knife, in the presence of
approximately twelve other students.
However, it is not alleged that AO J.G. caused physical injury to anyone. He did not
commit a separate series of crimes over multiple days. The People have not made any
allegations that AO J.G. led or coerced other youths to participate in any crimes. The
People state that AO J.G. will not be amenable to the heightened services of Family
Court, claiming that he has proven through his actions that he does not follow
instructions from authority figures.
In support of mitigating factors, Defense counsel argues that AO J.G. has only been
charged with one crime stemming from the incident at hand, which does not qualify as
committing "a series of crimes over a series of days." Further, Defense counsel states not
only was AO J.G. the victim here, but there are no representations that AO J.G. was the
leader of any criminal activity. Finally, Defense counsel states that AO J.G. voluntarily
accepted probation services and has remained compliant with the rules and regulations
associated therewith, illustrating his willingness and ability to benefit from the
heightened services offered by Family Court.
This Court finds that highly unusual and heinous facts have not been proven.
Whether or not this can be considered self-defense or retaliation, there is no doubt that
AO J.G. was the original victim here.
This is not the rare, "one out of 1,000 cases" that the Legislature envisioned would
remain in the Youth Part and not be removed to Family Court. (Assembly, Record of
Proceedings, April 8, 2017, pp. 37-38); see People v J.M., 64 Misc 3d 259, 268 [NY Co
Ct 2019]. Extraordinary circumstances do not exist to prevent the transfer of this action
to Family Court. The aggravating factors do not outweigh the mitigating circumstances.
The People did not meet its burden to prevent removal of this action to Family Court.
This matter shall be removed.
This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
Dated: February 1, 2024
HON. BRENDA M. FREEDMAN